■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PRINELL PAUL, Appellant.—Judgment unanimously reversed on the law and new trial granted. Memorandum: Defendant appeals from his convictions of burglary, robbery, unlawful imprisonment and criminal mischief. He raises several claims of error, only one of which warrants our consideration.

Defendant and others allegedly entered the apartments of Mary Crampton and Virginia Dower in the City of Syracuse at nighttime. As a result, various items of jewelry were taken from the apartments. Defendant was subsequently arrested at the home of his girlfriend, Valerie Hester, when the police, armed with a search warrant, entered the apartment and obtained jewelry and other items belonging to the victims. The items seized were found in the apartment, on defendant's person and in the backyard of the apartment building. All the evidence was inventoried on the return sheet of the search warrant without differentiating the places where it was seized.

On November 7, 1984, defendant made an omnibus motion seeking suppression of the evidence seized in the search of Hester's apartment. On the return date of the motion, the court directed the People to provide defendant with a copy of the search warrant. Thereafter, on April 4, 1985, defendant particularized his motion and moved to suppress all items seized, arguing that the search warrant was invalid on its face and did not establish probable cause to believe that the evidence described in the warrant would be found in the apartment of Valerie Hester. The People made no written response to the original motion nor to the renewed motion. After reserving decision, the suppression court, on May 1, 1985, issued a decision/order granting defendant's motion to suppress the evidence seized on the ground that the search warrant was not supported by probable cause. Three weeks later, at a pretrial conference, the People raised for the first time two alternative theories to justify the seizure of some of the evidence in question. First, the prosecutor argued that when the police entered the apartment of Valerie Hester with the search warrant, they also had a valid arrest warrant for defendant and, thus, the items seized from defendant were incident to a lawful arrest. Prior to this time, no mention of an arrest warrant had been made. The prosecutor also claimed that some of the evidence was seized from the backyard after it had been thrown from the apartment window, allegedly by defendant, and, therefore, it had been abandoned and was admissible. Over defendant's objection, the court conducted a hearing and on July 1, 1985, issued a new decision/order, reversing in part its original suppression decision. The court found that the arrest warrant was lawfully issued and determined that the items seized from defendant's person and from the backyard would be admissible at trial. Defendant argues that the court impermissibly gave the Peo-

ple a second chance to defeat his suppression motion. We agree.

Clearly, the People should not be deprived of one full opportunity to present evidence on the dispositive issues raised by a suppression motion. "If an error of law is committed by the hearing court which directly causes the People to fail to offer potentially critical evidence a rehearing should be ordered so that the evidence may be presented" *(People v Havelka,* 45 NY2d 636, 643). However, if the People fail to present critical evidence "without the interposition of judicial error", they should not be given another chance *(People v Crandall,* 69 NY2d 459, 464). In the present case, no action taken by the court lulled the People into inaction or interfered with their opportunity to inform the court of their alternative grounds for opposing the motion to suppress *(see, People v Havelka, supra; People v Payton,* 51 NY2d 169; *People v Green,* 33 NY2d 496; *People v Malinsky,* 15 NY2d 86). Indeed, the People, who alone had knowledge of all the relevant facts supporting their various theories of admissibility, were not spurred into action until over six months after the original suppression motion, almost two months after the more particularized motion to suppress, and three weeks after service of an order of the court suppressing the admission of all the items seized at the time of defendant's arrest.

Having had a full opportunity to oppose defendant's suppression motion, the People should not have been provided a hearing on the suppression issue. If we were to hold otherwise, the defendant, having initially prevailed on his motion, "would be haunted by the specter of renewed proceedings. Success at a suppression hearing would be nearly meaningless, for a second and perhaps a third hearing, could later be ordered" *(People v Havelka, supra,* at 643).

We decline to find the admission of the victim's jewelry at defendant's trial harmless error. Consequently, the judgment must be reversed, defendant's suppression motion granted and a new trial ordered. We have examined defendant's remaining issues and find them to be without merit. (Appeal from judgment of Onondaga County Court, Burke, J.—robbery, second degree, and other charges.) Present—Doerr, J. P., Boomer, Green, Lawton and Davis, JJ.