■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MITCHELL WAKEFIELD, Appellant.—Judgment unanimously reversed on the law, plea vacated, motion to suppress granted, and matter remitted to Supreme Court, Monroe County, for further proceedings on the indictment. Memorandum: The statement that defendant gave to the police must be suppressed because the police lacked probable cause to arrest defendant. The only information the police had at the time of defendant's arrest, as testified to by the police radio dispatcher, was that the victim of a burglary described the burglar as a white male of slender build, medium height, wearing gloves and a dark blue ski hat with red edging, who left the scene of the burglary on foot. Defendant was not of medium height but was over six feet tall. When arrested he was riding a bicycle near his home and, although he was wearing gloves, he was not wearing a hat. This vague and general description of the suspect, particularly when it differed in some respect with that of defendant, did not, of itself, establish probable cause to arrest defendant *(see, People v Dossantos,* 137 AD2d 763). Although there was testimony that another police officer who had interviewed the victim broadcast a further general description of the burglar, the officer did not testify at the suppression hearing and, therefore, the prosecution did not meet its burden on the motion to suppress of showing that the officer possessed the information that he had broadcast *(see, People v Havelka,* 45 NY2d 636, 641; *People v Lypka,* 36 NY2d 210, 214). The fact that defendant ran when accosted by a civilian assistant to the police who told him to place his hands in the air did not tend to establish probable cause to believe that defendant had committed a crime because the civilian assistant was not in uniform and did not announce himself as acting for the police. (Appeal from judgment of Supreme Court, Monroe County, Mark, J.—burglary, second degree.) Present—Dillon, P. J., Callahan, Doerr, Boomer and Lawton, JJ.