■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VINCENT IRVING, Appellant.—Judgment, Supreme Court, New York County (Clifford A. Scott, J.), rendered June 13, 1988, which convicted defendant, upon his plea of guilty, of criminal sale of a controlled substance in the second degree and sentenced him to an indeterminate term of from four years' to life imprisonment, unanimously affirmed.

Defendant was arrested on December 16, 1986 and charged with, among other crimes, the sale of a controlled substance to an undercover police officer on three separate occasions: on December 4, December 9 and December 16, 1986. Approximately 2½ hours after defendant's arrest, the undercover officer made a confirmatory identification of him at the 23rd Precinct.

Defendant submitted an omnibus motion seeking, *inter alia,* a *Wade* hearing to inquire into the circumstances of the confirmatory identification at the police station. In response, the People stated that "[a]fter the defendant was placed under arrest, he was positively identified by the undercover police officer less than three weeks after the first buy." On the basis of that statement, the court (Robert M. Haft, J.) ordered a *Wade* hearing.

Thereafter, when the parties appeared for such hearing, the court (Allen G. Alpert, J.), after reviewing the papers submitted, consulting with Judge Haft and conferring with counsel, determined that a *Wade* hearing was not appropriate based upon the prosecutor's statement that, contrary to the impression given by the People's affidavit that he had made the confirmatory identification three weeks after first buying five vials of crack from defendant on December 4, 1986, the undercover officer had seen defendant on two subsequent occasions, on December 9, 1986 when he purchased an additional 2½ ounces of cocaine from defendant and on December

16, 1986, the day of defendant's arrest. Based upon information obtained from the undercover officer, the prosecutor informed the court that on December 16th, after negotiating with defendant and others for the purchase of three kilograms of cocaine, the defendant accompanied the undercover officer to the street where he was arrested by a member of the officer's backup team. Approximately 2½ hours later at the 23rd Precinct, the undercover officer confirmed that defendant was the person involved in all three transactions.

There is no merit to defendant's claim that Judge Alpert improperly accepted and relied upon the prosecutor's additional factual allegations in denying him the *Wade* hearing granted earlier by Judge Haft. Unlike *People v Paul* (139 AD2d 916), where the People submitted no written response to defendant's suppression motion and the court had granted the motion before reversing itself after affording the People a second chance to defeat it, Judge Haft merely held that, based upon the People's original response, there was a sufficient basis to order a *Wade* hearing. However, when Judge Alpert was made aware of the additional circumstances underlying the confirmatory identification, he properly decided that a hearing on defendant's suppression motion was unwarranted. As the Court of Appeals has recently held, where a trained undercover police officer observed a defendant during a face-to-face drug transaction knowing that the defendant would shortly be arrested, the officer's observation of defendant at the station house approximately three hours later was not of a kind ordinarily burdened or compromised by forbidden suggestiveness, warranting a lineup procedure or *Wade* hearing. *(People v Wharton,* 74 NY2d 921.) Concur—Kupferman, J. P., Ellerin, Wallach and Smith, JJ.