■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RUDOLPH YOUNG, Appellant. [609 NYS2d 725] —Judgment unanimously reversed on the law, motion to suppress granted in part and new trial granted. Memorandum: Defendant was arrested at 7:40 A.M. on April 27, 1991, after being found lying face up in the back seat of a car in the City of Rochester. At

the time of his arrest, defendant was a suspect in three burglaries and a homicide occurring in March and April 1991. Defendant contends that his arrest was made without probable cause and therefore that the fruits of that arrest must be suppressed. We agree that the police did not have probable cause to arrest defendant.

At the suppression hearing, Deputy Vasile testified that he suspected defendant of the burglaries and homicide because of an interview he had conducted with defendant 2½ years earlier during an investigation of a burglary in Penfield; defendant was not charged with and did not admit that he committed that burglary. Vasile further testified that he considered defendant a suspect because the modus operandi of the March and April 1991 burglaries was similar to the modus operandi of the Penfield burglary. Thomas Schrader of the Brighton Police Department testified that he considered defendant a suspect in the March 1991 burglary because the "method of entry" was similar to that of a burglary that had been investigated three or four years earlier and defendant had been a suspect in that investigation. Defendant had not been charged with that burglary. Schrader admitted that the victim of the March 1991 burglary was shown a photo array containing a picture of defendant and did not identify him.

Vasile and Schrader also testified that they considered defendant a suspect because he matched a general description provided by one of the victims. The police determined to pick up defendant for questioning. At 6:30 A.M. on April 27, Vasile and his partner, in plain clothes and driving an unmarked car, saw defendant on Bay Street in Rochester. They drove past defendant, made a U-turn, and saw defendant running down the street. They did not ask defendant to stop and did not identify themselves as police officers. Numerous officers responded to a call for assistance, and at 7:40 A.M. defendant was found in the back of a vehicle parked in a driveway. An officer pointed his weapon at defendant and ordered him to put his hands up. Defendant was handcuffed and immediately taken to the police station.

We disagree with the suppression court that the police had probable cause to arrest defendant for trespass. It is not disputed that, when defendant was handcuffed and placed in the police car, he was under arrest. At that moment, the police had no information that defendant did not have permission to be on the premises or in the vehicle. The People contend that the police obtained information immediately

after the arrest that provided probable cause to arrest defendant for trespass. There was no testimony at the hearing, however, that that information was conveyed to the officers who had arrested defendant. In any event, the police cannot rely on evidence obtained after an arrest to provide probable cause (see, People v Battaglia, 56 NY2d 558, revg on dissenting opn of Hancock, J., 82 AD2d 389; People v Williams, 191 AD2d 989, lv denied 82 NY2d 729).

Review of the record reveals that the People's theory at the suppression hearing was that the police had probable cause to arrest defendant for trespass. They now contend that the police had probable cause to arrest defendant for the burglaries and homicide. Inasmuch as that theory was not advanced at the hearing, the People are precluded from asserting it now (see, People v Johnson, 64 NY2d 617, 619, n 2; People v Dodt, 61 NY2d 408, 416; People v Paul, 139 AD2d 916, 918). In any event, we conclude that the police did not have probable cause to arrest defendant for the burglaries and homicide. None of the victims had even tentatively identified defendant (cf., People v Palacio, 121 AD2d 282) and the burglaries allegedly connecting defendant by modus operandi had occurred 2½ to 4 years earlier. Additionally, defendant had not been arrested for or charged with the earlier burglaries. The description provided by one of the victims was not sufficient to provide probable cause for the arrest (see, People v Dawkins, 163 AD2d 322; People v Wakefield, 151 AD2d 1017). Defendant's flight, under the circumstances, did not provide any basis for the arrest. At best, the police had enough information to keep defendant under observation or approach and request information (see, e.g., People v Soto, 194 AD2d 371).

Because the arrest was not supported by probable cause, the fruits of the unlawful conduct must be suppressed (see, Wong Sun v United States, 371 US 471; People v Cantor, 36 NY2d 106). Those items include defendant's statement made at gunpoint (see, People v Wilkerson, 64 NY2d 749), the cap, knife, and sheath found in the vehicle after defendant was removed (see, People v Howard, 50 NY2d 583; cert denied 449 US 1023; People v McFadden, 136 AD2d 934), any observations made by the police at the point of and following the arrest, and defendant's clothes.

We disagree with the contention of defendant, however, that he is entitled to suppression of the testimony of Nell Kimbrell and any items obtained from her. In his statement to the police, defendant identified one of his alibi witnesses as "Nail" or "Nell". Schrader testified that the identity of that witness

was developed through other investigation, thus attenuating the taint between the illegally obtained information and the witness' testimony *(see, People v Stone,* 122 AD2d 387, 389). Finally, there is no basis for suppression of the shotguns because there is no evidence that they were obtained as a result of unlawful police conduct.

Inasmuch as there must be a new trial, we note that the court erred in relying upon the two out-of-State convictions as predicate felonies in sentencing defendant as a persistent violent felony offender *(see, People v Morse,* 62 NY2d 205, 213, *appeal dismissed* 469 US 1186). We have considered defendant's other contentions and conclude that they are without merit. (Appeal from Judgment of Supreme Court, Monroe County, Doyle, J.—Robbery, 1st Degree.) Present—Denman, P. J., Balio, Lawton, Fallon and Davis, JJ.