■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RANDY WILLIAMSON, Also Known as SALLADINE KING, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Queens County (Balbach, J.), rendered November 20, 1981, convicting him of criminal possession of stolen property in the second degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial of those branches of defendant's omnibus motion which were to suppress certain physical evidence and statements made to the police.

Judgment affirmed.

Defendant was walking at 4:45 A.M. in a neighborhood known for its high rate of burglaries, carrying two large plastic garbage bags which appeared to contain large bulky items. These circumstances justified the officers' initial approach and limited detention of the defendant for the purpose of inquiry (*People v Moore,* 47 NY2d 911, revg 62 AD2d 155; *People v De Bour,* 40 NY2d 210, 213, 223). When defendant voluntarily placed the bags by his side, the officer was able to observe a stereo and a briefcase with a calculator protruding from inside the unclosed bags. Defendant's implausible response that the items were connected to his construction business and his inability to even state what was contained in the bags elevated the encounter to one which would support the finding of probable cause for an

arrest and limited search for weapons. The facts of this case are distinguishable from those in the recent Court of Appeals case of *People v Johnson* (64 NY2d 617). Accordingly the branch of defendant's omnibus motion which was to suppress physical evidence was properly denied. In light of this determination and defendant's statement on appeal that, should this court make such a determination, he does not seek to vacate his plea, we need not reach the question of the admissibility of the statements made to the police officers. Lazer, J. P., Bracken, Rubin and Eiber, JJ., concur.