■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANKIE CAMPOS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kooper, J.), rendered May 11, 1983, convicting him of manslaughter in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant argues that the prosecutor's opening statement, which was conclusory and quoted testimony prior to trial, created an aura of prejudice. The defendant has failed to demonstrate how the prosecutor's comments were prejudicial to him. Absent bad faith or undue prejudice a trial will not be undone simply because there was some defect in the prosecutor's opening to the jury *(see, People v Kurtz,* 51 NY2d 380, 385, *cert denied* 451 US 911).

The defendant also contends that the prosecutor's principal witness, because of her history of prostitution, should not have been believed by the jury. However, resolution of issues of credibility are primarily questions to be determined by the jury, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44

AD2d 86, 88). We are satisfied that the testimony of this witness was indeed supported by the record.

The defendant also contends that the People failed to prove that the defendant intended to inflict serious physical injury on the victim. The record reveals that the defendant purposefully participated in a severe beating of an unarmed 52-year-old man who offered no resistance. Viewing this evidence and additional evidence adduced at the trial in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to support the conviction.

The defendant's last contention regarding the Trial Judge's failure to instruct the jury on the lesser included charge of assault in the third degree was not excepted to prior to jury deliberation and is, consequently, not preserved for our review. Furthermore, there is no merit to this contention in light of the severe injuries inflicted upon the deceased. Mollen, P. J., Kunzeman, Weinstein and Rubin, JJ., concur.