■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICKEY DUFFY, Appellant.—Appeal by the defendant from two judgments of the County Court, Nassau County (O'Shaughnessy, J.), both rendered March 7, 1986, convicting him of attempted criminal possession of stolen property in the first degree under indictment No. 61157 and criminal possession of stolen property in the third degree under indictment No. 62556, upon his pleas of guilty, and imposing sentences. The appeal from the judgment rendered on indictment No. 61157 brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and a statement made to police.

Ordered that the judgments are affirmed.

On February 13, 1985 at about 11:00 P.M., on Wellesley Street in the vicinity of Stewart Avenue in Hempstead, a high-crime area known for robberies and burglaries, Nassau County Detective Ferrucci and a Hempstead Village Police Officer, William Snyder, observed a male in a short tan coat walking in a westerly direction. The man was not carrying anything. Approximately 10 minutes later, the man, later identified as the defendant, returned, walking in an easterly direction carrying a bundle of carpeting with store tags hanging therefrom on his shoulder. Officer Snyder told Detective Ferrucci that there had been a burglary at the carpet store a few days earlier. The officers exited their unmarked vehicle and Detective Ferrucci informed the defendant that they were police officers.

Detective Ferrucci observed that the tags bore the name of the Hanna Carpet Store and Officer Snyder stated that there

had been a burglary at that store. The defendant dropped the carpets, which later were found to be oriental rugs, turned as if to flee and found Officer Snyder behind him. The defendant then stated that he had just come from Terrance Avenue and had picked the carpeting up from the sidewalk in front of the store. Immediately after the defendant's statement, the officers placed the defendant under arrest, handcuffed him, and patted him down, revealing a gravity knife in his top jacket pocket.

We find that the hearing court properly denied the defendant's motion to suppress the physical evidence and his statement to police. The common-law right of the police officers to inquire was activated by their initial observations and knowledge of a recent burglary of a carpet store (see, People v De Bour, 40 NY2d 210, 215-216). In their attempt to obtain an explanation from the defendant, they received further information which raised the level of suspicion sufficiently to establish probable cause to arrest (see, People v Williamson, 107 AD2d 727). The defendant's statement was not the result of any custodial interrogation, but rather, was spontaneous and properly found admissible. Suppression of the physical evidence seized was properly denied as incident to a lawful arrest and a valid search. Bracken, J. P., Kunzeman, Eiber and Kooper, JJ., concur.