■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FABIAN BENJAMIN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Grajales, J.), rendered October 6, 1986, convicting him of burglary in the second degree and criminal possession of stolen property in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress statements made by him to the police and physical evidence.

Ordered that the judgment is affirmed.

The defendant argues that the hearing court should have suppressed the statements he made to the police as well as the property seized from him because he was unlawfully stopped, detained and arrested. We disagree. Here, the defendant was seen by three police officers carrying bags of unboxed stereo

equipment in a residential area in which frequent daytime burglaries took place. Thus, the police had an articulable reason to stop the defendant in order to inquire about his possession of the stereo equipment *(see, People v De Bour,* 40 NY2d 210, 213; *People v Carrasquillo,* 54 NY2d 248, 253; *People v Hopkins,* 163 AD2d 416). Moreover, the record shows that the defendant freely answered the police officers' questions and voluntarily consented to remain with one of the officers while the other two officers canvassed the neighborhood. Clearly there was probable cause to arrest the defendant based on the police learning that a house in the vicinity had been recently burglarized and was missing a stereo, the defendant's answers, as well as the fact that a neighbor had told the officers that he had seen a man wearing a gray jacket and a hooded sweatshirt, which were the clothes the defendant was wearing, at the front of the burglarized house *(see, People v Carrasquillo, supra,* at 254). Thus, the defendant's statements as well as the property seized from him were properly admitted into evidence *(see, People v Leung,* 68 NY2d 734, 736).

The defendant also argues that the People failed to prove his guilt beyond a reasonable doubt. However, viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The defendant's remaining claims are either unpreserved for appellate review or without merit. Balletta, J. P., Miller, O'Brien and Ritter, JJ., concur.