■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DOUGLAS LEE SMITH, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Colabella, J.), rendered July 24, 1990, convicting him of burglary in the second degree, petit larceny, criminal possession of stolen property in the fifth degree, and criminal mischief in the fourth degree, after a nonjury trial, and imposing sentence. This appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress statements made by him to the police and physical evidence.

Ordered that the judgment is affirmed.

The defendant's sole argument on appeal is that the hearing court should have suppressed the property seized from him and the statements he made to the police because he was unlawfully detained and arrested. We disagree. On December

25, 1989, at about 11:00 P.M., two officers saw the defendant coming down a stairway in front of a house, carrying a large object under a white sheet. As they approached the defendant, they realized the object was a television set. Based upon their observations, the police were entitled to ask the defendant where he got the television set from and whether it was his *(see, People v Hollman,* 79 NY2d 181; *People v Hicks,* 68 NY2d 234; *People v Benjamin,* 168 AD2d 455; *People v Torruellas,* 137 AD2d 419). After the defendant answered that he got it from his brother who lived a few blocks away, he agreed to remain on the street with one officer while the other officer went to verify the story with his brother. The defendant's brother told the officer that he thought the defendant was in jail and that he did not know anything about the television set. The officer returned within 5 or 10 minutes, at which point the police questioned the defendant further and ascertained that he could not identify the brand of the television set. The police then brought the defendant back to the area where he was first seen and observed signs indicating there had been a forced entry into the house. At this stage, the police plainly had probable cause to arrest the defendant *(see, People v Hollman, supra).* Thus, the evidence seized thereafter and the defendant's statements were properly admitted in evidence at the trial. Thompson, J. P., Rosenblatt, Lawrence and Miller, JJ., concur.