◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v REGINALD JOHNSON, Appellant. [598 NYS2d 641] —Judgment unanimously affirmed. Memorandum: In the first count of the indictment, defendant was charged with assault in the second degree (Penal Law § 120.05 [1]) for causing serious physical injury to another while "acting in concert" with five other persons. At trial, defendant requested the court to charge assault in the third degree (Penal Law § 120.00 [1]) as a lesser included offense. The trial court denied defendant's request based upon his actions in concert with the other persons who savagely beat the victim.

The first prong of the *Glover* test *(see, People v Glover,* 57

NY2d 61) is satisfied because it is theoretically impossible to commit assault in the second degree under Penal Law § 120.05 (1) without at the same time committing assault in the third degree *(see, People v Fugaro,* 96 AD2d 659). Defendant contends that the second prong of the test is satisfied because a reasonable view of the evidence would support a finding that he intended to cause only "physical injury" to the victim as required by the assault third statute but not "serious physical injury" as required by the assault second statute. That argument, however, ignores the fact that defendant was charged with "acting in concert" with others who, the record shows, administered a more serious beating to the victim. The evidence presented at trial established that defendant actively participated in the brutal beating of the victim and has accessorial liability for the conduct of his co-defendants *(see,* Penal Law § 20.00; *People v Dorsey,* 112 AD2d 536, *lv denied* 66 NY2d 763). Thus, County Court's refusal to submit assault third to the jury as a lesser included offense of assault second was proper. (Appeal from Judgment of Onondaga County Court, Mulroy, J.—Assault, 2nd Degree.) Present—Callahan, J. P., Green, Lawton, Doerr and Boomer, JJ.