THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID BRYANT, Appellant. [640 NYS2d 157]

We agree with the defendant that he did not, as part of his general waiver of the right to appeal, waive his right to appeal the denial of the branch of his omnibus motion which was to suppress physical evidence. At the plea allocution, the defendant was never told that his plea was conditioned on his waiver of the right to appeal the denial of suppression of the physical evidence, nor did the defendant indicate that he waived that right. Furthermore, although defense counsel withdrew all pending motions as part of the plea agreement, he did not withdraw any motions that had already been decided, which included the branch of the defendant's omnibus motion which was to suppress physical evidence (*cf., People v Gary,* 179 AD2d 821, 822; *see also, People v Ricciardi,* 121 AD2d 407).

In any event, the County Court properly denied suppression of the physical evidence. The arresting police officer's encounter with the defendant occurred on a public sidewalk at three o'clock in the morning in an area where the officer had previously made numerous arrests. The officer observed the defendant carrying a large object in a plastic garbage bag out of which dangled a telephone receiver and a cord. These factors provided the officer with a sufficient basis to ask the defendant about the object in the bag (*see, People v Hollman,* 79 NY2d 181, 191; *see also, People v De Bour,* 40 NY2d 210). Once the defendant denied that there was anything in the bag, despite obvious visual evidence to the contrary, the officer possessed a founded suspicion that criminal activity was afoot, justifying his subsequent request for permission to look into the bag (*People v Hollman, supra,* at 193; *People v Gibson,* 194 AD2d 623; *People v Smith,* 190 AD2d 832). Upon inspecting the bag, the officer observed a facsimile machine with a sticker identifying it as property of the New York State Department of Labor. The defendant admitted that he did not work for that agency, that he did not have a receipt for the facsimile machine, and that he did not even know where he had obtained it. The defendant's responses, coupled with the police officer's knowledge that an office of the New York State Department of Labor

was located nearby, provided the officer with probable cause to believe that a crime had been committed (*see, People v De Bour, supra; People v Gibson, supra*).

The defendant's sentence is not excessive (*see, People v Farrar,* 52 NY2d 302; *People v Suitte,* 90 AD2d 80). However, the matter must be remitted to the County Court, Nassau County, for a hearing on the amount of restitution to be paid to the New York State Department of Labor, the owner of the facsimile machine. In determining that the defendant should pay the Department of Labor restitution of $760, the County Court relied on a "Restitution Preliminary Fact-Finding Report" prepared by the Nassau County Probation Department. This report states in pertinent part: "William Butler of the New York Department of Labor reports that the Murata fax machine, which was recovered in damaged condition, has a value of $760.00".

Although it is clear that the facsimile machine that was recovered was damaged, it is not clear that it was damaged beyond repair or that $760 represents the value of the machine at the time of the theft. An award for the full depreciated value of the machine is appropriate only if the evidence demonstrates that it was rendered useless by the defendant's actions. Accordingly, the matter is remitted to the County Court, Nassau County, for a hearing to determine the damages sustained by the New York State Department of Labor as a result of the defendant's theft of the facsimile machine. Bracken, J. P., O'Brien, Santucci and Goldstein, JJ., concur.