■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RALPH ALIO, Appellant. [682 NYS2d 46] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Feldman, J.), rendered July 28, 1995, convicting him of assault in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

We agree with the hearing court's finding that the defendant's arrest was supported by probable cause. Here, the attendant facts and circumstances demonstrate that when the arresting officer initially approached the defendant, he possessed reasonable suspicion to believe that the defendant had been involved in the assault upon the victim (*see, People v De Bour,* 40 NY2d 210, 223; *cf., People v Hicks,* 68 NY2d 234). After the defendant and his companion provided evasive and improbable responses to the officer's questions, the predicate of suspicion ripened into probable cause, thereby justifying the defendant's subsequent arrest (*see, People v Hayes,* 194 AD2d 623; *People v Smith,* 190 AD2d 832; *People v McCowen,* 159 AD2d 210; *People v Williamson,* 107 AD2d 727; *see also, People v Hollman,* 79 NY2d 181, 193; *People v De Bour, supra,* at 225; *People v Bryant,* 225 AD2d 786).

Lastly, the trial court properly refused the defendant's request to charge reckless assault in the third degree as a

lesser-included offense of depraved indifference assault in the first degree, since no reasonable view of the evidence could support a finding that he consciously disregarded a known risk of physical injury, but not a grave risk of death (*see, People v Johnson,* 193 AD2d 1116; *People v Campos,* 138 AD2d 500). Thompson, J. P., Krausman, Goldstein and Luciano, JJ., concur.