■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES RAILY, Appellant. [765 NYS2d 776] —Judgment, Supreme Court, New York County (Joan Sudolnik, J., at suppression hearing; Richard Carruthers, J., at plea and sentence), rendered November 26, 2001, convicting defendant of forgery in the second degree, and sentencing him, as a second felony offender, to a term of 3½ to 7 years, unanimously affirmed.

The court properly denied defendant's suppression motion. The chain of events observed by and reported to the officer, including defendant's suspicious conduct on the street, the two incidents in which defendant first attempted to use a credit card without proper identification and then attempted to use a credit card bearing a woman's name, and defendant's suspicious use of a pay phone in connection with several credit cards, provided the officer (a specialist in pickpocketing cases) with, at the very least, reasonable suspicion to detain defendant for investigative questioning. This action by the police did not constitute an arrest (see People v Allen, 73 NY2d 378 [1989]; People v Hicks, 68 NY2d 234, 239 [1986]). The officer also properly held defendant's wrist in order to prevent him from dropping the credit cards since he reasonably suspected that they were stolen (see People v Smith, 184 AD2d 326 [1992], lv denied 80 NY2d 910 [1992]). Defendant's attempt to throw away the cards elevated the level of suspicion to probable cause (see People v Alvarez, 100 NY2d 549 [2003]), which was further supported by defendant's false and evasive responses to the officer's inquiries. This justified the subsequent search and seizure of a bag near defendant's foot as a search incident to a lawful arrest (see People v Wylie, 244 AD2d 247 [1997], lv denied 91 NY2d 946 [1998]).

After a suitable inquiry at which defendant received a sufficient opportunity to be heard, the court properly denied defendant's motion to withdraw his guilty plea (see People v Alexander, 97 NY2d 482 [2002]; People v Frederick, 45 NY2d 520 [1978]). The record establishes that defendant pleaded guilty knowingly, voluntarily and intelligently, and that he received effective assistance of counsel. The reason advanced by defendant for seeking to withdraw his plea was essentially that he wished to hire a new lawyer more to his liking and then proceed to trial, after a lengthy delay.

Defendant's claim regarding presentence procedures requires preservation (*see People v Samms*, 95 NY2d 52, 58 [2000]), and we decline to review this unpreserved claim in the interest of justice. Concur—Buckley, P.J., Tom, Saxe, Sullivan and Rosenberger, JJ.