OPINION OF THE COURT
Memorandum.
Judgment of conviction reversed, on the law, order denying defendant’s motion to suppress physical evidence vacated, defendant’s motion to suppress physical evidence granted, and matter remitted to the Criminal Court for all further proceedings.
The People charged defendant with transporting used materials, including radiators and piping, on a public street without proof of ownership or of the right to possess such materials (Administrative Code of City of NY § 10-118 [b]), and with criminal possession of a controlled substance in the seventh degree (Penal Law § 220.03). The jury convicted defendant only of the latter offense, and this appeal ensued.
The sole issue raised on this appeal is the propriety of the Criminal Court’s denial of defendant’s motion to suppress cocaine found in defendant’s pants pocket in the course of a search incident to defendant’s arrest. At the suppression hearing, the arresting officer testified that on October 19, 2006, at about 5:50 a.m., she observed defendant walking in the direction of a scrapyard carrying a black shopping bag from which protruded what appeared to be a “shiny,” “brand new” radiator. Recognizing defendant as someone she had previously arrested for trespass, the officer approached defendant and asked him, “Where did you get that?” Defendant replied, “Come on, man,” whereupon the officer arrested defendant. A subsequent search of the bag produced, in addition to the radiator, new copper piping, and a search of defendant’s person produced a zip-lock bag containing cocaine residue. After the arrest, but before the search of defendant, the officer asked defendant if he had “a receipt” for the contents of the bag and, according to the officer, defendant “didn’t have any.”
*27 We agree with defendant that the cocaine residue evidence should have been suppressed as the fruit of an illegal arrest. As defendant concedes on appeal, the officer, who had made previous arrests for the violation, had reasonable suspicion that defendant was violating Administrative Code § 10-118 (b) when she observed him, in the early morning hours, transporting a radiator, in a black plastic bag, to a scrapyard. Thus, she was entitled to approach him to inquire whether he “possessed] a bill of sale or other proper proof of ownership or right to possession of same” (Administrative Code § 10-118 [b]). However, the officer made no such inquiry until after the arrest, the response to which cannot be relied upon to support a probable cause determination (see e.g. People v Young, 202 AD2d 1024, 1026 [1994]).
The only statement made by defendant to the officer prior to the arrest, upon his being asked where he had obtained the material, was “Come on, man.” “[B]ehavior which is susceptible of innocent as well as culpable interpretation” (People v De Bour, 40 NY2d 210, 216 [1976]), or is merely “equivocal,” however “suspicious” (People v Brown, 32 NY2d 172, 174 [1973]; see also People v Diaz, 131 AD2d 690, 694 [1987]; People v Joy, 114 AD2d 517, 520 [1985]), will not suffice to elevate reasonable suspicion to probable cause. Given the officer’s generic query, her prior association with defendant, and the absence of probable cause to believe defendant had committed a theft or other violation based on his possession of the radiator, it cannot be said that defendant’s response was so evasive, suspicious, false, or otherwise exhibited consciousness of guilt as to provide the requisite additional justification for defendant’s arrest (cf. People v Raily, 309 AD2d 604 [2003]; People v Alio, 255 AD2d 448 [1998]; People v McCowen, 159 AD2d 210, 213 [1990]; People v Williamson, 107 AD2d 727 [1985]; People v Thurman, 81 AD2d 548, 550 [1981]). Accordingly, the court should have suppressed the ziplock bag containing the cocaine recovered from defendant’s person following the unlawful arrest.
In view of the foregoing, the judgment convicting defendant of criminal possession of a controlled substance in the seventh degree is reversed and the matter is remitted to the Criminal Court for all further proceedings.
Pesce, EJ., Rios and Steinhardt, JJ., concur.