■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KORAN HARRINGTON, Appellant. [597 NYS2d 723] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Starkey, J.), rendered June 13, 1991, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress evidence.

Ordered that the judgment is affirmed.

Initially, the court summarily granted that branch of the defendant's omnibus motion which was to suppress evidence because the People failed to timely answer the motion. Upon granting the People's motion to reargue, the court directed that a hearing be held. The defendant contends that the court erred in granting reargument. We find that the decision to grant reargument was within the sound discretion of the hearing court *(see, People v Glen,* 30 NY2d 252, *cert denied sub nom. Baker v New York,* 409 US 849). This is not a situation resembling *People v Havelka* (45 NY2d 636, 642-643) or *People v Paul* (139 AD2d 916, 917), where the People attempted to argue new points after losing on the merits.

The defendant also contends that the Supreme Court erred in denying suppression of a handgun that he discarded while being chased by police. Specifically, the defendant argues that the police had no probable cause to arrest him. We find that, after hearing "what appeared to be a gunshot" in the early morning hours, the officers had at least an "objective credible reason" to warrant an approach to inquire *(People v Martinez,* 80 NY2d 444, 447-448). When the defendant immediately fled, clutching his waist, the officers had a reasonable suspicion that he had committed or was committing a crime so as to justify the pursuit *(see, People v Martinez, supra; People v Wider,* 172 AD2d 573, 574; *People v Mack,* 162 AD2d 624, 624-625). Upon hearing the gun drop while chasing the defendant, and thereafter discovering the gun on the route of the chase,

the officers had probable cause to arrest the defendant *(see, People v Leung,* 68 NY2d 734, 735-736).

We find that the defendant's remaining contention is without merit. Miller, J. P., O'Brien, Copertino and Joy, JJ., concur.