THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RADCLIFFE MCGILVARY, Appellant. [613 NYS2d 309] —Judgment unanimously affirmed. Memorandum: Defendant contends that the suppression court erred in granting the People's motion to reopen the *Wade* hearing to receive evidence from two confidential informants on the issues whether pretrial identification procedures were unduly suggestive and whether there were independent bases for the informants' in-court identifications of defendant. We agree that the suppression court erred in reopening the *Wade* hearing *(see, People v Havelka,* 45 NY2d 636, 643). Reversal is not required, however, because defendant was not prejudiced by the error *(see, People v Hall,* 177 AD2d 951, *lv denied* 79 NY2d 948; *People v Lathrop,* 127 AD2d 1003). The deputy sheriffs who conducted the photographic array and line-up testified at the initial *Wade* hearing, where the identification procedures they employed were fully explored. Thus, the evidence adduced at the initial hearing supported the suppression court's determination that the photographic array and line-up procedures insofar as they related to the confidential informants were not impermissibly suggestive. Additionally, that evidence supported the court's determination that the line-up procedure involving Deputy Soto was impermissibly suggestive, but that the deputy had an independent basis for his in-court identification of defendant. Consequently, the testimony adduced at the reopened *Wade* hearing was not necessary to support the determination of the suppression court, and therefore did not result in prejudice to defendant *(see, People v Lathrop, supra).*

Furthermore, the trial court properly admitted the identification testimony of the confidential informants because the photographic array and line-up procedures were not impermissibly suggestive *(see, People v Stanley,* 201 AD2d 943; *People v Guido,* 198 AD2d 809, 810, *lv denied* 83 NY2d 805; *People v Dean,* 155 AD2d 868, *lv denied* 75 NY2d 812; *see generally, People v Rahming,* 26 NY2d 411). Finally, the identification testimony of Deputy Soto was properly admitted at trial because there was an independent basis for his in-court identification of defendant *(see, People v Adams,* 53 NY2d 241, 251; *People v Di Girolamo,* 197 AD2d 531; *People v Brooks,* 190 AD2d 1033, *lv denied* 81 NY2d 882). (Appeal from Judgment of Wayne County Court, Strobridge, J.—Criminal Sale Controlled Substance, 3rd Degree.) Present—Denman, P. J., Fallon, Wesley, Davis and Boehm, JJ.