■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VERNON BLACK, Also Known as ENGLAND, Appellant. [624 NYS2d 966] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Corrado, J.), rendered December 16, 1992, convicting him of criminal possession of a controlled substance in the third degree (two counts), upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing (Robinson, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

It is axiomatic that, as to the credibility of witnesses, the determination of the hearing court, which had the advantage of hearing and seeing the witnesses firsthand, is to be given great weight on appeal (see, People v Prochilo, 41 NY2d 759) and should be upheld unless it is clearly unsupported by the record (see, People v Belli, 208 AD2d 640; People v Pegues, 208 AD2d 773; People v Catala, 198 AD2d 293, 294). We find that there is nothing in the record which supports the defendant's contention that the testimony of the police officers was incredible or patently tailored to nullify constitutional objections (see, People v Stanley, 191 AD2d 732; cf., People v Lewis, 195 AD2d 523, 524; People v Lebron, 184 AD2d 784, 787; Matter of Carl W., 174 AD2d 678, 679-680; People v Miret-Gonzalez, 159 AD2d 647, 649; People v Garafolo, 44 AD2d 86, 88). Balletta, J. P., Rosenblatt, Ritter and Altman, JJ., concur.