■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PETER COLON, Appellant. [644 NYS2d 57]

Contrary to the defendant's contention, the hearing court properly permitted the People to call an additional witness to establish that the defendant waived his right to counsel at the lineup. The prosecutor's motion to present further evidence was made before the hearing court rendered its decision and, under these circumstances, it was within the sound discretion of the hearing court to grant the motion (*see, People v Harrington,* 193 AD2d 756). We note that this situation is distinguishable from *People v Havelka* (45 NY2d 636), in which the People attempted to argue new points after losing on the merits (*see, People v Harrington, supra*). Furthermore, the evidence adduced at the hearing was sufficient to demonstrate that the defendant acquiesced in his attorney's decision to forego attending the lineup (*see, People v Yut Wai Tom,* 53 NY2d 44; *cf., People v Thomas,* 155 AD2d 706; *People v McCrimmon,* 142 AD2d 606). Accordingly, there is no merit to the defendant's claim that the hearing court should have suppressed the complainant's lineup identification.

We find, however, that the defendant is entitled to a new trial because his statutory right to exercise peremptory challenges was violated when the trial court seated a prospective juror whom the defense had previously challenged in an effort to expedite jury selection (*see,* CPL 270.25 [1]). The record shows that at the close of the second round of *voir dire,* the parties had selected 11 jurors. When the trial court stated its reluctance to call in a new panel and "do this all over again

for one juror", the prosecutor and defense counsel conferred and proposed seating a juror against whom defense counsel had previously exercised a peremptory challenge. However, the defendant personally voiced a prompt objection to seating this juror, indicating that he did not consent to the withdrawal of his peremptory challenge and that he desired a different juror. Under these circumstances, it was error for the court to seat the previously-challenged juror over the defendant's express objection.

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Sullivan, J. P., Joy, Krausman and McGinity, JJ., concur.