OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be reversed and the case remitted to that Court for consideration of the facts
 
 (see,
 
 CPL 470.25 [2] [d]; 470.40 [2] [b]).
 

 At the end of the second round of jury selection, the parties had selected 11 jurors. When the trial court disapprovingly remarked that a new panel would have to be called for one more juror, the parties conferred and defense counsel decided to withdraw a peremptory challenge in order to seat the final juror. Defendant, though not personally objecting to the procedure, did complain that he wanted a different previously challenged juror empaneled. Defense counsel, nevertheless, informed the court that the selected juror was acceptable. At no time did defendant request a change of counsel.
 

 After trial, defendant was convicted of robbery in the first degree
 
 (see,
 
 Penal Law § 160.15 [3]). The Appellate Division reversed the conviction and ordered a new trial, concluding that "it was error for the court to seat the previously-challenged juror over the defendant’s express objection”
 
 (People v Colon,
 
 228 AD2d 449, 450).
 

 It is well established that a defendant, "having accepted the assistance of counsel, retains authority only over certain fundamental decisions regarding the case” such as "whether to
 
 *826
 
 plead guilty, waive a jury trial, testify in his or her own behalf or take an appeal”
 
 (People v White,
 
 73 NY2d 468, 478;
 
 see, Jones v Barnes,
 
 463 US 745, 751). With respect to strategic and tactical decisions concerning the conduct of trials, by contrast, defendants are deemed to repose decision-making authority in their lawyers. The selection of particular jurors falls within the category of tactical decisions entrusted to counsel, and defendants do not retain a personal veto power over counsel’s exercise of professional judgments
 
 (see, People v Sprowal,
 
 84 NY2d 113, 119; ABA Standards for Criminal Justice, Defense Function, Standard 4-5.2 [b] [3d ed 1993]).
 

 Therefore, the trial court committed no error by accepting defense counsel’s recall of a peremptorily challenged juror over defendant’s preferred person. Indeed, although defendant objected to the particular juror that was selected, defendant and defense counsel both consented to the procedure of withdrawing peremptory challenges. Defendant thereby waived any argument that this procedure violated CPL 270.25 (1).
 

 Defendant’s contention that he was denied effective assistance of counsel is without merit. Defense counsel’s tactical decision to withdraw a peremptory challenge as to a particular juror over defendant’s objection did n,ot place attorney and client in a position adverse to one another, and defendant has failed to make any showing that defense counsel’s representation of his interests was undermined
 
 (see, People v Petrovich,
 
 87 NY2d 961, 963).
 

 Chief Judge Kaye and Judges Titone, Bellacosa, Smith, Levine, Ciparick and Wesley concur.
 

 Order reversed and case remitted to the Appellate Division, Second Department, for further proceedings in accordance with the memorandum herein.