■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EMMANUEL PIERRE, Appellant. [661 NYS2d 645] —Appeal by the defendant from (1) a judgment of the Supreme Court, Kings County (Gerges, J.), rendered March 19, 1996, convicting him of robbery in the first degree under Indictment No. 6650/94, upon a jury verdict, and imposing sentence, and (2) an amended judgment of the same court, also rendered March 19, 1996, revoking a sentence of probation previously imposed by the same court (Rienzi, J.), upon a finding that the defendant had violated a condition thereof, upon his admission, and imposing a sentence of imprisonment upon his previous conviction for criminal possession of a weapon in the third degree under Indictment No. 13673/93. The appeal from the judgment under Indictment No. 6650/94 brings up for review the denial, after a hearing (Gerges, J.), of those branches of the defendant's omnibus motion which were to suppress identification testimony and a statement made in the presence of a law enforcement official.

Ordered that the judgment and amended judgment are affirmed.

The defendant contends that the police lacked probable cause to arrest him, arguing that the arresting officer's testimony that he observed a gun on the defendant's person was incredible as a matter of law. However, "[i]t is well settled that the factual findings and credibility determinations of the hearing

court are entitled to great deference on appeal and will not be disturbed unless clearly unsupported by the record" *(People v Smith,* 238 AD2d 451; *see, People v Prochilo,* 41 NY2d 759), which is not the case here. Moreover, the statement the defendant made during a telephone conversation at the police precinct house, which was made after the defendant invoked his right to counsel and which was overheard by a detective, was properly admitted into evidence at trial as the statement was not made in response to any police questioning.

There was no suggestion that the lineup viewed by the victim of the robbery for which the defendant was convicted was suggestive. It is well settled that the fillers in a lineup need not be identical in physical characteristics to the defendant—the fillers need only be reasonably similar to the defendant in appearance *(see, People v Chipp,* 75 NY2d 327, *cert denied* 498 US 833; *People v Velez,* 222 AD2d 625). The admissibility of the other statement which the defendant made to the police, which was ruled admissible but was not introduced at this trial, and the admissibility of any other person's identification resulting from the lineups conducted by police have not been considered by this Court on appeal, as these issues have no bearing on this judgment of conviction.

The imposition of consecutive sentences for the judgment involving the robbery conviction and the amended judgment involving the violation of probation was not excessive *(see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. O'Brien, J. P., Joy, Goldstein and Luciano, JJ., concur.