◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MALIK TORRES, Appellant. [684 NYS2d 582] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Dabiri, J.), rendered November 19, 1996, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement authorities.

Ordered that the judgment is affirmed.

The trial court did not improvidently exercise its discretion in sua sponte reopening the suppression hearing to permit further questioning of Detective Parker before it made a decision on the merits (see, People v Havelka, 45 NY2d 636; People v Colon, 228 AD2d 449, revd on other grounds 90 NY2d 824; People v Harrington, 193 AD2d 756). Not only are the hearing court's factual findings and credibility determinations entitled to great deference on appeal (see, People v Prochilo, 41 NY2d 759; People v Gordon, 242 AD2d 640; People v Pierre, 241 AD2d 559), but, on this record, it cannot be said that Detective Parker's testimony at the reopened hearing was patently tailored to nullify constitutional objections (see, e.g., Matter of Bernice J., 248 AD2d 538; People v Black, 214 AD2d 619; People v Lebron, 184 AD2d 784).

In addition to an anonymous informant who had spoken to a detective several times over the course of an investigation, there were two identified informants who provided statements to the police with respect to their knowledge of the defendant's participation in the crime. Accordingly, the hearing court properly concluded that almost two months before the defendant's arrest, there was probable cause to believe that an individual named "Malik", whose description fit the defendant, was one of the perpetrators, and that this individual had been known to both the anonymous informant and one of the identified informants for some years, since both of those informants had grown up in the neighborhood. Miller, J. P., Thompson, Sullivan and McGinity, JJ., concur.