■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAFAEL TIRADO, Appellant. [698 NYS2d 484] —Judgment, Supreme Court, Bronx County (Lawrence Bernstein, J.), rendered July 20, 1998, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree, and sentencing him, as a second felony offender, to concurrent terms of 4½ to 9 years and 1 year, respectively, unanimously affirmed.

Defendant's suppression motion was properly denied. We see no reason to disturb the court's credibility determinations, which are supported by the record. The court appropriately exercised its discretion in reopening the suppression hearing, prior to any decision on the merits, to permit further questioning of the People's witness where the court and the parties expressed some confusion regarding one aspect of the witness's testimony (*see*, *People v Torres*, 257 AD2d 672, *lv denied* 93 NY2d 879). Concur—Ellerin, P. J., Williams, Lerner, Rubin and Saxe, JJ.

■ EDWARD INFANTE, Appellant, v STATE OF NEW YORK, Respondent. [698 NYS2d 484] —Judgment of the Court of Claims of the State of New York (Alan Marin, J.), entered on or about August 31, 1998, which, after a trial on the issue of liability, granted defendant's motion to dismiss the claim, unanimously affirmed, without costs.

The court properly dismissed this claim brought by a police officer pursuant to General Municipal Law § 205-e, alleging violations of sections 27-127 and 27-128 of the Administrative Code of the City of New York. There was no evidence supporting an inference that defendant had any notice of the accumulation of water on the stairs where claimant allegedly slipped (*compare*, *Lusenskas v Axelrod*, 183 AD2d 244, 248, *appeal dismissed* 81 NY2d 300). Concur—Ellerin, P. J., Williams, Lerner, Rubin and Saxe, JJ.