■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALONSO SOTO, Appellant. [720 NYS2d 820] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Marrus, J.), rendered February 5, 1998, convicting him of manslaughter in the first degree, assault in the first degree, and criminal possession of a weapon in the second degree (three counts), upon a jury verdict, and imposing sentence, including an indeterminate term of 11 to 22 years imprisonment on his

conviction for assault in the first degree. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and identification testimony.

Ordered that the judgment is modified, on the law, by vacating the indeterminate sentence of 11 to 22 years imprisonment imposed upon the defendant's conviction for assault in the first degree and imposing an indeterminate sentence of 3 to 6 years imprisonment; as so modified, the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that the evidence was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (see, People v Alexander, 176 AD2d 947; People v Harvey, 175 AD2d 138). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence.

The Supreme Court providently exercised its discretion in permitting the People's witness to testify regarding the identification of the defendant (see, People v Bradley, 154 AD2d 609; People v Merced, 137 AD2d 562).

The sentence imposed upon the defendant's conviction for assault in the first degree was illegal (see, Penal Law § 70.05 [3] [c]; § 120.10). The record indicates that the sentencing court intended to give the defendant "the same sentence" of 3 to 6 years that it had imposed on a codefendant, Richard Lara, for his conviction of assault in the first degree. However, the clerk mistakenly recorded a sentence of 11 to 22 years imprisonment, which was the sentence imposed upon the defendant's manslaughter conviction. Accordingly, we modify the sentence to reflect the intention of the court.

The defendant's remaining contentions are without merit. Krausman, J. P., Luciano, H. Miller and Feuerstein, JJ., concur.