■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARRELL CHAPMAN, Appellant. [744 NYS2d 42] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (J. Goldberg, J.), rendered May 26, 1999, convicting him of sodomy in the first degree (two counts), rape in the first degree, sexual abuse in the first degree, and endangering the welfare of a child (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

During the second round of jury selection, the prosecutor raised a *Batson* claim (*see Batson v Kentucky,* 476 US 79) because the defense counsel had used his challenges to exclude three of the four white jurors considered. The Supreme Court found that the prosecutor established a prima facie case of discrimination, but that the defense counsel had offered sufficient nonpretextual racially neutral reasons for challenging the white jurors. However, since a prima facie case of discrimination had been established, the court ordered the defense counsel to offer racially neutral reasons for all future challenges to white prospective jurors.

The defense counsel exercised his next peremptory challenge to strike the subject juror, who was white. The court inquired as to the defense counsel's reason for the challenge. Initially, the defense counsel indicated that the challenge was based on consultation with his client who believed the prospective juror was not concentrating, and because she had sat on two juries in the past. The court pointed out that neither the defendant nor the defense counsel is entitled to exercise peremptory challenges on the basis of race. The court then noted that the subject juror was one of the most attentive, and that the defense counsel had accepted several jurors who had previ-

ously sat on more than one jury, including a black juror who had sat on eight juries. The court rejected the defendant's peremptory challenge, finding that the proffered reasons therefor were pretextual. The defense counsel then stated that he challenged the subject juror because, based on her answers during voir dire, she appeared to be more favorable to the prosecution. The trial court found that this reason was an "afterthought" offered after discussing the challenge for quite some time and after the court had rejected the defense counsel's other reasons. Thus, the court found that this reason was also pretextual.

Contrary to the defendant's contention, the trial court's *Batson* rulings were proper (*see Batson v Kentucky, supra; People v Allen,* 86 NY2d 101). The People established a prima facie case of discrimination based on the defense counsel's pattern of using peremptory challenges against white jurors (*see People v Green,* 181 AD2d 693). The defense counsel therefore was required to provide nonpretextual, racially neutral explanations for his challenges (*see People v Kern,* 75 NY2d 638, *cert denied* 498 US 824). The defense counsel failed to do so as to the subject juror (*see People v Jupiter,* 210 AD2d 431; *People v Jeffreys,* 258 AD2d 474). Under the particular circumstances of this case, there is no reason to disturb the court's finding that the reasons given for the challenge were pretextual.

The defendant's remaining contentions are without merit. S. Miller, J.P., Schmidt, Adams and Townes, JJ., concur.