■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v IVAN MICHAEL SUPHAL, Also Known as MICHAEL SUPHAL, Appellant. [776 NYS2d 101]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Reichbach, J.), rendered May 7, 2001, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The hearing court providently exercised its discretion in, sua sponte, before rendering its decision on the merits, reopening the suppression hearing to permit the People to present an additional witness on the issue of whether the police had probable cause to arrest the defendant (*see People v Torres,* 257 AD2d 672 [1999]; *People v Colon,* 228 AD2d 449 [1996], *revd on other grounds* 90 NY2d 824 [1997]).

The defendant's contention that the People failed to disprove his justification defense beyond a reasonable doubt is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Grey,* 282 AD2d 544 [2001]; *People v Hayes,* 248 AD2d 635 [1998]; *People v Candelaria,* 206 AD2d 385 [1994]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that the People disproved the justification defense by legally sufficient evidence. Based on the testimony of the People's witnesses, the jury could have concluded that the defendant was the initial ag-

gressor (*see People v Carrera,* 282 AD2d 614 [2001]; *People v Keefer,* 197 AD2d 915 [1993]). Regardless of whether the defendant was the initial aggressor, the People negated the essential elements of the justification defense by demonstrating that the defendant shot at the fleeing victim a total of 17 times and twice struck the victim in the back (*see People v Leon,* 297 AD2d 605 [2002]; *People v Hayes, supra; People v Van Allen,* 216 AD2d 39 [1995]; *People v Arlequin,* 214 AD2d 747 [1995]; *People v Thompson,* 212 AD2d 647 [1995]; *People v Torres,* 182 AD2d 788 [1992]). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPLR 470.15 [5]).

The defendant's remaining contention raised in his supplemental pro se brief is without merit. Krausman, J.P., Luciano, Adams and Cozier, JJ., concur.