■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AARON BOONE, Appellant. [816 NYS2d 570]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Fisher, J.), rendered March 30, 2000, convicting him of attempted murder in the second degree (two counts), robbery in the first degree, criminal possession of a weapon in the third degree, and criminal possession of stolen property in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Latella, J., on decision; O'Dwyer, J.H.O., at hearing), of those branches of the defendant's omnibus motion which were to suppress physical evidence and his statements made to law enforcement officials.

Ordered that the judgment is affirmed.

The hearing court providently exercised its discretion in re-opening the suppression hearing to permit the People to present an additional witness since the court had not yet rendered its decision on the merits (*see People v Johnson*, 7 AD3d 732 [2004]; *People v Suphal*, 7 AD3d 547 [2004]; *People v Soto*, 280 AD2d 621 [2001]; *People v Torres*, 257 AD2d 672 [1999]).

Contrary to the defendant's contention, the trial court properly disallowed his peremptory challenge to a prospective white juror (*see Batson v Kentucky*, 476 US 79 [1986]). The People established a prima facie case of purposeful discrimination based on the defense counsel's pattern of using peremptory challenges against prospective white jurors (*see People v Jenkins*, 75 NY2d 550, 557 [1990]; *People v Lawson*, 300 AD2d 319 [2002]; *People v Chapman*, 295 AD2d 359, 360 [2002]), and the defense counsel failed to provide a nonpretextual race-neutral reason for his exercise of the subject challenge (*see People v Padgett*, 303 AD2d 524 [2003]; *People v Lawson, supra*; *People v Chapman, supra*; *People v Smith*, 251 AD2d 355 [1998]).

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it

was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (*see People v Jackson*, 308 AD2d 549 [2003]). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

Furthermore, the imposition of consecutive terms of imprisonment for the defendant's conviction of two counts of attempted murder in the second degree was permissible because the firing of multiple shots at the two victims constituted separate and distinct acts (*see People v Maldonado*, 5 AD3d 505 [2004]; *People v Porter*, 256 AD2d 363 [1998]; *People v Hernandez*, 186 AD2d 471 [1992]). The court was also authorized to direct that the term of imprisonment imposed for the defendant's conviction of robbery in the first degree under Penal Law § 160.15 (2) run consecutively to the terms imposed for attempted murder (*see People v Garcia*, 284 AD2d 479 [2001]; *People v Hyde*, 240 AD2d 849 [1997]). Moreover, the sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's contentions raised in points four and five of his brief are unpreserved for appellate review, and his remaining contentions are without merit. Krausman, J.P., Rivera, Skelos and Dillon, JJ., concur.