(September 28, 2006)

■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v BRADFORD S. WHEELER, Respondent. [822 NYS2d 160]—

Mercure, J. Appeal from an amended order of the County Court of Cortland County (Ames, J.), entered November 16, 2005, which granted defendant's motion to suppress written and oral statements.

Defendant is charged with rape in the first degree, rape in the second degree and endangering the welfare of a child. County Court conducted a *Huntley* hearing in response to defendant's motion to suppress oral and written statements made by him to a State Police investigator while at the State Police barracks. The court initially denied defendant's motion to suppress. Upon reconsideration, however, County Court granted the motion, finding that the People did not meet their burden of proof regarding the voluntariness of defendant's statements. The People appeal.

Preliminarily, inasmuch as a court has continuing jurisdiction to reconsider its prior intermediate determinations (*see Aridas v Caserta*, 41 NY2d 1059, 1061 [1977]; *see also Matter of International Assn. of Bridge, Structural & Ornamental Iron Workers, Local Union No. 6, AFL-CIO v State of New York*, 280 AD2d 713, 714 [2001]), we find no impropriety in County Court's sua sponte reexamination of its decision concerning the suppression of defendant's statements. Nor are we persuaded

that the court erred in granting defendant's motion to suppress. Following the investigator's testimony at the *Huntley* hearing that he could not recall whether he read defendant his *Miranda* warnings prior to defendant's arrival at the police station, defendant testified that the investigator questioned him without first advising him of the *Miranda* rights while they were in the vehicle traveling to the barracks. It is undisputed that defendant was in custody during this time. Defendant stated that when they got to the police station, the investigator read him his rights for the first time and continued questioning him about the same topics. The People did not recall the investigator to the stand to rebut defendant's testimony. Under these circumstances, the court properly determined that the People did not prove beyond a reasonable doubt the voluntariness of defendant's subsequent statements at the barracks, made as part of a single, continuous chain of events, along with the earlier statements improperly obtained before defendant was read his *Miranda* rights (*see People v Paulman*, 5 NY3d 122, 130-131 [2005]; *People v Chapple*, 38 NY2d 112, 115 [1975]; *People v Valerius*, 31 NY2d 51, 54-55 [1972]).

Cardona, P.J., Crew III, Peters and Spain, JJ., concur. Ordered that the amended order is affirmed.