■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NATHANIEL LEWIS, Appellant. [988 NYS2d 626]—

Motion by the appellant for leave to reargue an appeal from a judgment of the Supreme Court, Queens County, rendered April 19, 2011, which was determined by decision and order of this Court dated June 12, 2013.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, it is

Ordered that the motion is granted and, upon reargument, the decision and order of this Court dated June 12, 2013 (*People v Lewis*, 107 AD3d 826 [2013]), is recalled and vacated, and the following decision and order is substituted therefor:

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Zayas, J.), rendered April 19, 2011, convicting him of criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial (Hanophy, J.), after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The Supreme Court properly denied that branch of the defendant's omnibus motion which was to suppress the gun recovered from his person during a traffic stop. The defendant's contention that the Supreme Court improperly reopened the suppression hearing is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Rosales*, 216 AD2d 162, 162 [1995]). In any event, although the Supreme Court erred in reopening the hearing after initially stating from the bench that the defendant's motion to suppress physical evidence was granted (*see* *People v Kevin W.*, 22 NY3d 287 [2013]; *People v Havelka*, 45

NY2d 636, 643-644 [1978]; *cf. People v Boone*, 30 AD3d 535, 535 [2006]), reversal is not required under the particular circumstances of this case, since the defendant was not prejudiced by the error (*see generally People v McGilvary*, 204 AD2d 1043 [1994]). The brief testimony of a police officer presented by the People at the reopened hearing was virtually identical to a portion of the same officer's testimony at the earlier hearing. Thus, the error in reopening the suppression hearing could not reasonably have affected the Supreme Court's decision, in effect, upon reconsideration of the evidence at the initial hearing, to deny the defendant's motion to suppress the physical evidence (*see People v Wheeler*, 32 AD3d 1107 [2006]).

Upon reconsideration of the evidence, the Supreme Court properly concluded that suppression was not warranted. Contrary to the defendant's contention, the police officer's testimony at the suppression hearing that he observed an ammunition magazine in plain view inside the vehicle in which the defendant was a passenger, after stopping the vehicle for a traffic violation, was not incredible and did not appear to have been patently tailored to nullify constitutional objections (*see People v Barley*, 82 AD3d 996, 997 [2011]; *People v Coles*, 62 AD3d 1022, 1022-1023 [2009]; *People v James*, 19 AD3d 617, 618 [2005]). Although, upon the exercise of our factual review power, this Court may make its own findings of fact if it determines that the hearing court incorrectly assessed the evidence (*see People v Anderson*, 91 AD3d 789 [2012]; *People v Meyers*, 80 AD3d 715, 716 [2011]; *People v Rodriguez*, 77 AD3d 280, 284-285 [2010]; *People v O'Hare*, 73 AD3d 812, 813 [2010]; *Matter of Robert D.*, 69 AD3d 714, 716-717 [2010]), we cannot say that the hearing court was incorrect in crediting the police officer's testimony (*see People v Wilson*, 96 AD3d 980, 981 [2012]; *People v McClendon*, 92 AD3d 959, 960 [2012]).

Moreover, defense counsel's single error in failing to object to the Supreme Court's decision to reopen the hearing was not "sufficiently egregious and prejudicial as to compromise [the] defendant's right to a fair trial" and, thus, did not render counsel's performance ineffective (*People v Caban*, 5 NY3d 143, 152 [2005]; *see People v Arroyo*, 38 AD3d 792, 792 [2007]). Dillon, J.P., Chambers, Sgroi and Miller, JJ., concur.