People v Stewart (2023 NY Slip Op 02685)

People v Stewart

2023 NY Slip Op 02685

Decided on May 17, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 17, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
LINDA CHRISTOPHER
JOSEPH A. ZAYAS
LILLIAN WAN, JJ.

2022-01642
 (Ind. No. 1251/18)

[*1]The People of the State of New York, respondent,
v
Latonia Shelecia Stewart, appellant.

Samuel S. Coe, White Plains, NY, for appellant.
Miriam E. Rocah, District Attorney, White Plains, NY (William C. Milaccio and Brian R. Pouliot of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Westchester County (David S. Zuckerman, J.), rendered November 22, 2021, convicting her of burglary in the second degree (six counts) and criminal possession of stolen property in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.
ORDERED that the judgment is affirmed.
The defendant was arrested following a stop of her vehicle by police. The vehicle had been placed under surveillance by authorities who were investigating a pattern of burglaries of homes in Westchester County of recently deceased individuals and their families which occurred during the funeral services for the deceased individuals. Prior to trial, the defendant moved, inter alia, to suppress physical evidence. Following a hearing, which was reopened after the People rested in order to allow the People an opportunity to present an additional witness, the County Court denied that branch of the defendant's motion.
The defendant's contentions that the suppression hearing was improperly reopened on the grounds that the County Court had already given the People a full and fair opportunity to present evidence, and relinquished its impartial role by permitting the hearing to be reopened, are unpreserved for appellate review (see CPL 470.05[2]; People v Lewis, 117 AD3d 751, 751). In any event, the defendant's contention that the court lacked the authority to reopen the hearing is without merit (see People v Boone, 30 AD3d 535, 535; People v Suphal, 7 AD3d 547, 547). Since the court had not rendered its decision at the time the People requested to reopen the hearing to present another witness, the court providently exercised its discretion in reopening the suppression hearing (see People v Boone, 30 AD3d at 535). The defendant's contention that she was unduly prejudiced by the court's determination to reopen the hearing is likewise without merit as defense counsel was provided sufficient opportunity to cross-examine the additional witness (see People v Cook, 34 NY3d 412, 423-424; People v Lewis, 117 AD3d at 752).
Contrary to the defendant's contention, the police possessed the requisite probable cause to stop the defendant's vehicle. "[A]s a general matter, the decision to stop an automobile is [*2]reasonable where the police have probable cause to believe that a traffic violation has occurred," even if the underlying reason for the stop was to investigate another matter unrelated to the traffic violation (People v Robinson, 97 NY2d 341, 348-349 [internal quotation marks omitted]; see People v Williams, 208 AD3d 899, 900). Under the particular circumstances of this case, the stop of the defendant's vehicle was reasonable (see People v Baez, 202 AD3d 1102, 1103; People v Davis, 103 AD3d 810, 811). The record supports the County Court's determination based upon the credible testimony of the police officer who had stopped the defendant's vehicle. The officer testified that he observed the defendant's vehicle driving with a vanity license plate on the front of the vehicle and a Connecticut license plate on the rear, and that he had received a report from his dispatcher that the Connecticut license plate was not "on file." The officer had probable cause to stop the vehicle on the ground that the driver therein was operating an unregistered vehicle with improper license plates in violation of Vehicle and Traffic Law §§ 401(1)(a) and 402(4) (see People v Mortel, 197 AD3d 196; People v Diggs, 38 AD3d 565, 565). Accordingly, the court properly denied that branch of the defendant's motion which was to suppress physical evidence.
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
DUFFY, J.P., CHRISTOPHER, ZAYAS and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court