■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LOUIS MORGAN, Appellant. [908 NYS2d 779]—

Appeal from a judgment of the Erie County Court (Thomas P. Franczyk, J.), rendered March 10, 2009. The judgment convicted defendant, upon a jury verdict, of murder in the second degree and criminal possession of a weapon in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of murder in the second degree (Penal Law § 125.25 [1]) and criminal possession of a weapon in the

second degree (§ 265.03 [1] [b]). We reject the contention of defendant that he received ineffective assistance of counsel (*see generally People v Baldi*, 54 NY2d 137, 147 [1981]). Defense counsel's failure to ask further questions of the potential jurors who indicated that they knew law enforcement officers but could remain impartial was a "tactical decision[ ] entrusted to [defense] counsel, and defendant[ did] not retain a personal veto power over [defense] counsel's exercise of professional judgment[ ]" (*People v Colon*, 90 NY2d 824, 826 [1997]; *see also People v Turner*, 37 AD3d 874, 876-877 [2007], *lv denied* 8 NY3d 991 [2007]). Defense counsel also was not ineffective for refusing to call defendant's proposed witness. The grand jury testimony of that witness established that, although she may have provided some exculpatory testimony at the trial, she would also have provided testimony to corroborate the People's eyewitness. Thus, "the record demonstrates that there were legitimate strategic reasons for defense counsel's refusal to call that proposed witness" (*People v Safford*, 74 AD3d 1835, 1837 [2010]). We further conclude that County Court did not abuse its discretion in denying defendant's CPL 330.30 (1) motion to set aside the verdict on the ground of ineffective assistance of counsel without conducting a hearing (*see People v Hardy*, 49 AD3d 1232, 1233 [2008], *affd* 13 NY3d 805 [2009]).

Viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we reject defendant's contention that the verdict is against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Here, the jury was aware that one of the witnesses was a jailhouse informant and another was hoping to receive favorable treatment with respect to a different criminal matter in exchange for his testimony against defendant, and we perceive no basis to disturb the jury's credibility determinations (*see People v Smith*, 73 AD3d 1469, 1470 [2010]; *see also People v Monk*, 57 AD3d 1497, 1499 [2008], *lv denied* 12 NY3d 785 [2009]). The sentence is not unduly harsh or severe. Present—Centra, J.P., Peradotto, Carni, Lindley and Sconiers, JJ.