# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

618

KA 07-01482

PRESENT: CENTRA, J.P., FAHEY, PERADOTTO, LINDLEY, AND SCONIERS, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                   MEMORANDUM AND ORDER

LUTHER ADAIR, DEFENDANT-APPELLANT.

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (KRISTEN MCDERMOTT OF COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (JAMES P. MAXWELL OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Onondaga County Court (Joseph E. Fahey, J.), rendered June 6, 2006. The judgment convicted defendant, upon a jury verdict, of attempted criminal possession of a weapon in the second degree, criminal contempt in the first degree, harassment in the second degree (two counts) and resisting arrest.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon a jury verdict of, inter alia, attempted criminal possession of a weapon in the second degree (Penal Law §§ 110.00, 265.03 [former (2)]) and criminal contempt in the first degree (§ 215.51 [b] [v]), defendant contends that the evidence is legally insufficient to support the conviction of attempted criminal possession of a weapon because the People failed to establish that he attempted to possess the weapon in question or that he intended to use it unlawfully against another person. As defendant correctly concedes, that contention is unpreserved for our review inasmuch as his motion for a trial order of dismissal at the close of the People's proof was not specifically directed at the grounds raised on appeal (*see People v Gray*, 86 NY2d 10, 19).

In any event, defendant's contention is without merit. Defendant was involved in an altercation with several uniformed police officers who responded to a 911 call regarding a domestic dispute between defendant and his girlfriend, on whose behalf an order of protection had been issued against defendant. One of the officers testified at trial that, during the altercation, he felt defendant tugging on the holster for his service revolver and that, when the officer reached down, he felt defendant's hand on the top of the holster. The officer yelled out to the other officers that defendant was trying to grab his

gun.  After defendant was subdued and handcuffed, the officer observed that one of the snaps on his holster had been opened.  Another officer testified at trial that he heard the snap on the holster open during the altercation.  Although defendant contends that his hand inadvertently came into contact with the holster during the altercation, we conclude that there is legally sufficient evidence that defendant attempted to gain possession of the officer's firearm.  We further conclude that, considering the circumstances under which defendant was grabbing for the officer's firearm, there is a valid line of reasoning and permissible inferences from which a rational jury could have found that defendant's intent in attempting to possess the weapon was to use it unlawfully against the police officers (*see generally People v Bleakley*, 69 NY2d 490, 495).  In addition, viewing the evidence in light of the elements of the crime of attempted criminal possession of a weapon in the second degree as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict with respect to that count is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495).

We reject the further contention of defendant that County Court's denial of his two requests for an adjournment deprived him of a fair trial.  The decision whether to grant an adjournment lies in the sound discretion of the trial court (*see People v Spears*, 64 NY2d 698, 699-700; *People v McNear*, 265 AD2d 810, 810-811, *lv denied* 94 NY2d 864), and the court's exercise of that discretion "in denying a request for an adjournment will not be overturned absent a showing of prejudice" (*People v Arroyo*, 161 AD2d 1127, 1127, *lv denied* 76 NY2d 852; *see People v Bones*, 50 AD3d 1527, *lv denied* 10 NY3d 956).  Here, defendant failed to make the requisite showing of prejudice to warrant reversal.  We note that defense counsel offered no reason for his first request for an adjournment, which was made on the first day of trial.  Defense counsel's second request for an adjournment, made after the People had rested, was based on the unavailability of the officer who arrived at the scene during the altercation.  That officer was on the People's witness list but did not testify because she was out of town on vacation.  In requesting the adjournment, defense counsel stated that he anticipated that the officer's testimony would be "very favorable" to defendant.  The record demonstrates, however, that the officer in question was not present at the scene when defendant attempted to gain possession of the other officer's weapon, and her police report did not indicate in any way that her testimony would have been favorable to defendant.  Under those circumstances, it cannot be said that the court abused its discretion in denying defense counsel's requests for an adjournment (*see People v Comfort*, 60 AD3d 1298, 1299, *lv denied* 12 NY3d 924; *People v Povio*, 284 AD2d 1011, *lv denied* 96 NY2d 923).

Defendant contends that he was denied effective assistance of counsel because defense counsel did not have sufficient time to prepare for trial.  Although defense counsel was assigned to represent defendant 17 days prior to trial, it is apparent from his thorough cross-examination of prosecution witnesses and his overall performance that defense counsel had adequately prepared for trial.  We conclude that defense counsel was not ineffective based on his failure to

subpoena the officer who was on vacation at the time of the trial for the reasons stated above.  In addition, defense counsel cannot be deemed ineffective for failing to move for a trial order of dismissal with respect to the count charging defendant with attempted criminal possession of a weapon on the grounds raised on appeal, inasmuch as such a motion would have had "little or no chance of success" (*People v Stultz*, 2 NY3d 277, 287, *rearg denied* 3 NY3d 702; *see generally People v Caban*, 5 NY3d 143, 152).  Viewing the evidence, the law and the circumstances of this case, in totality and as of the time of the representation, we conclude that defense counsel provided meaningful representation (*see generally People v Baldi*, 54 NY2d 137, 147).

Entered:  May 6, 2011                          Patricia L. Morgan
                                               Clerk of the Court