■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MYRON LUMPKIN, Appellant. [934 NYS2d 918]—

Memorandum: On appeal from a judgment convicting him, upon a jury verdict, of assault in the first degree (Penal Law § 120.10 [1]) and gang assault in the second degree (§ 120.06), defendant contends that the evidence is legally insufficient to support the conviction. Defendant failed to preserve his contention for our review both because his motion for a trial order of dismissal was not specifically directed at the alleged deficiencies identified on appeal (see *People v Gray*, 86 NY2d 10, 19 [1995]; *People v Adair*, 84 AD3d 1752, 1753 [2011], *lv denied* 17 NY3d 812 [2011]), and because he failed to renew his motion after presenting evidence (see *People v Hines*, 97 NY2d 56, 61 [2001], *rearg denied* 97 NY2d 678 [2001]). In any event, that contention is without merit (see generally *People v Bleakley*, 69 NY2d 490, 495 [1987]).

Contrary to defendant's further contention, County Court properly denied, without conducting a hearing, his motion pursuant to CPL 330.30 (1) to set aside the verdict (see generally *People v Carter*, 63 NY2d 530, 536 [1984]; *People v Morgan*, 77 AD3d 1419, 1420 [2010], *lv denied* 15 NY3d 922 [2010]). We also reject defendant's contention that he received ineffective assistance of counsel (see generally *People v Baldi*, 54 NY2d 137, 147 [1981]). Rather, we conclude that the "cumulative effect of defense counsel's alleged deficiencies, viewed in totality and as of the time of the representation, did not deprive defendant of

effective assistance of counsel" (*People v Marcial*, 41 AD3d 1308, 1309 [2007], *lv denied* 9 NY3d 878 [2007]). Finally, the sentence is not unduly harsh or severe. Present—Centra, J.P., Peradotto, Carni, Lindley and Sconiers, JJ.