# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1286**

**KA 09-01499**

PRESENT: CENTRA, J.P., PERADOTTO, CARNI, LINDLEY, AND SCONIERS, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                    MEMORANDUM AND ORDER

MYRON LUMPKIN, DEFENDANT-APPELLANT.

---

TYSON BLUE, MACEDON, FOR DEFENDANT-APPELLANT.

RICHARD M. HEALY, DISTRICT ATTORNEY, LYONS (MELVIN BRESSLER OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Wayne County Court (Stephen R. Sirkin, J.), rendered June 9, 2009. The judgment convicted defendant, upon a jury verdict, of assault in the first degree and gang assault in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him, upon a jury verdict, of assault in the first degree (Penal Law § 120.10 [1]) and gang assault in the second degree (§ 120.06), defendant contends that the evidence is legally insufficient to support the conviction. Defendant failed to preserve his contention for our review both because his motion for a trial order of dismissal was not specifically directed at the alleged deficiencies identified on appeal (*see People v Gray*, 86 NY2d 10, 19; *People v Adair*, 84 AD3d 1752, 1753, *lv denied* 17 NY3d 812), and because he failed to renew his motion after presenting evidence (*see People v Hines*, 97 NY2d 56, 61, *rearg denied* 97 NY2d 678). In any event, that contention is without merit (*see generally People v Bleakley*, 69 NY2d 490, 495).

Contrary to defendant's further contention, County Court properly denied, without conducting a hearing, his motion pursuant to CPL 330.30 (1) to set aside the verdict (*see generally People v Carter*, 63 NY2d 530, 536; *People v Morgan*, 77 AD3d 1419, 1420, *lv denied* 15 NY3d 922). We also reject defendant's contention that he received ineffective assistance of counsel (*see generally People v Baldi*, 54 NY2d 137, 147). Rather, we conclude that the "cumulative effect of defense counsel's alleged deficiencies, viewed in totality and as of the time of the representation, did not deprive defendant of effective assistance of counsel" (*People v Marcial*, 41 AD3d 1308, 1309, *lv*

*denied* 9 NY3d 878).  Finally, the sentence is not unduly harsh or severe.