SUPREME COURT OF THE STATE OF NEW YORK
*Appellate Division, Fourth Judicial Department*

**1051**

**KA 08-01053**

PRESENT: SCUDDER, P.J., CENTRA, LINDLEY, SCONIERS, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                        MEMORANDUM AND ORDER

ROBERT J. HARTLE, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JAMES ECKERT OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (GEOFFREY KAEUPER OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Monroe County (Joseph D. Valentino, J.), rendered March 7, 2008. The judgment convicted defendant, upon a jury verdict, of murder in the first degree (two counts), murder in the second degree and arson in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of two counts of murder in the first degree (Penal Law § 125.27 [1] [a] [viii]; [b]), and one count each of murder in the second degree (§ 125.25 [1]), and arson in the third degree (§ 150.10 [1]). We reject defendant's contention that Supreme Court erred in allowing a medical professional to testify to statements defendant made to her while being examined at the hospital after his arrest. Defendant contends that his statements were subject to the physician-patient privilege despite the presence of a police investigator in the examination room because he was in custody and was not able to tell the investigator to leave the room. The physician-patient privilege, which is "entirely a creature of statute" (*Dillenbeck v Hess*, 73 NY2d 278, 283), is set forth in CPLR 4504 (a), and is applicable to criminal proceedings by virtue of CPL 60.10 (*see People v Wilkins*, 65 NY2d 172, 176). In determining whether the physician-patient privilege applies, we must consider "whether in the light of all the surrounding circumstances, and particularly the occasion for the presence of the third person, the communication was intended to be confidential" (*People v Decina*, 2 NY2d 133, 145; *see State of New York v General Elec. Co.*, 201 AD2d 802, 803). Here, we conclude that defendant did not meet his burden of establishing that the privilege applied (*see Decina*, 2 NY2d at 141), because there was no showing that he intended that his statements be confidential. Defendant was aware

of the investigator's presence, but he did not ask to speak with the medical professional privately.  Additionally, defendant made numerous statements to others that were similar to the statements he made to the medical professional, both before and after making them to her.  In any event, even if the physician-patient privilege applied, we conclude that any error in allowing the testimony is harmless.  The evidence of guilt is overwhelming, and there is no significant probability that the absence of the error would have led to an acquittal (*see People v Ballard*, 173 AD2d 480, 480, *lv denied* 78 NY2d 961; *see generally People v Crimmins*, 36 NY2d 230, 241-242).

We reject defendant's further contention that he was denied effective assistance of counsel.  Defendant, relying on *People v Colville* (20 NY3d 20, 32), contends that he was denied the "expert judgment of counsel" when defense counsel decided not to request that the court charge murder in the second degree as a lesser included offense of murder in the first degree.  Contrary to defendant's contention, the record does not establish that defense counsel deferred to defendant the decision not to request the lesser included offense.  Defense counsel requested a recess to confer with defendant regarding lesser included offenses and, after that conference, defense counsel stated to the court that, "[a]fter consulting with my client, we will not be requesting any chargedowns with regard to [the first degree murder counts]."  Therefore, there is "no indication in the record that defense counsel's position differed from" defendant's position (*People v Gottsche*, 118 AD3d 1303, 1304).

Entered:  November 14, 2014                    Frances E. Cafarell
                                              Clerk of the Court