■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BARRY NORMAN, Appellant. [17 NYS3d 427]—

Judgment, Supreme Court, New York County (Arlene D. Goldberg, J., at suppression hearing; Marcy L. Kahn, J., at jury trial and sentencing), rendered October 4, 2013, convicting defendant of attempted criminal possession of a weapon in the second degree, tampering with physical evidence, attempted grand larceny in the fourth degree and resisting arrest, and sentencing him, as a second felony offender, to an aggregate term of three years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations. Defendant's course of conduct during a violent struggle with a police officer, including gripping and repeatedly tugging at the officer's pistol and holster, warranted an inference that defendant intended to seize the pistol (see People v Adair, 84 AD3d 1752, 1753 [4th Dept 2011], lv denied 17 NY3d 812 [2011]).

The court properly denied defendant's suppression motion. At the time defendant swallowed what appeared to be bags of drugs, the police had, at least, a founded suspicion of criminality warranting a common-law inquiry, and they did not subject defendant to any intrusion beyond a direction to stop, which did not constitute a seizure (see People v Bora, 83 NY2d 531, 532-535 [1994]). In any event, the totality of the information available to the police also amounted to reasonable suspicion. Concur—Sweeny, J.P., Acosta, Renwick and Moskowitz, JJ.