# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**558**
**KA 12-02309**
PRESENT: SMITH, J.P., CARNI, DEJOSEPH, CURRAN, AND TROUTMAN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                        MEMORANDUM AND ORDER

DONYELL J. MCKENZIE, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (DREW R. DUBRIN OF COUNSEL), FOR DEFENDANT-APPELLANT.

DONYELL J. MCKENZIE, DEFENDANT-APPELLANT PRO SE.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (ROBERT J. SHOEMAKER OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (Frank P. Geraci, Jr., J.), rendered December 5, 2012. The judgment convicted defendant, upon a jury verdict, of murder in the second degree.

It is hereby ORDERED that the judgment so appealed from is reversed on the law and a new trial is granted.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of murder in the second degree (Penal Law § 125.25 [1]). We previously affirmed a judgment convicting defendant of that crime (*People v McKenzie*, 81 AD3d 1375, *revd* 19 NY3d 463). In reversing our order, the Court of Appeals concluded that defendant was entitled to a jury instruction on the affirmative defense of extreme emotional disturbance, and ordered a new trial (*McKenzie*, 19 NY3d at 469). In this appeal after that retrial, defendant contends, inter alia, that he was deprived of his right to counsel because defense counsel permitted him to choose a member of the jury. We agree, and we therefore reverse the judgment and grant defendant a new trial.

"It is well established that a defendant, having accepted the assistance of counsel, retains authority only over certain fundamental decisions regarding the case such as whether to plead guilty, waive a jury trial, testify in his or her own behalf or take an appeal" (*People v Colon*, 90 NY2d 824, 825-826 [internal quotation marks omitted]). "The selection of particular jurors falls within the category of tactical decisions entrusted to counsel, and defendants do not retain a personal veto power over counsel's exercise of professional judgments" (*id.* at 826; *see People v Morgan*, 77 AD3d 1419, 1420, *lv denied* 15 NY3d 922).

Here, during the part of the jury selection process when the attorneys were exercising peremptory challenges, defense counsel stated "[f]or the record, my client is insisting over my objection to keep juror number 21.  So, jurors 20 and 21 will be on the jury."  We agree with defendant that, contrary to the People's contention, defense counsel "never 'acceded' or 'acquies[ed]' to defendant's decision" (*People v Colville,* 20 NY3d 20, 32).  Furthermore, contrary to the circumstances in *People v Hartle* (122 AD3d 1290, 1292, *lv denied* 25 NY3d 1164), defense counsel's statement constitutes a clear indication that his position differed from defendant's position.  We respectfully disagree with the dissent's speculative view that "defense counsel merely took the input gained from [the] consultation [with defendant] into account in determining whether to exclude the prospective juror at issue."  Although defense counsel stated that juror number 21 would be on the jury, the record establishes that County Court, in seating juror number 21 on the jury, was "guided solely by defendant's choice in the matter," and that was "error because the decision was for the attorney, not the accused, to make" (*Colville*, 20 NY3d at 32).  Consequently, the court denied defendant the "expert judgment of counsel to which the Sixth Amendment entitles him," and "we cannot say that the error here was harmless beyond a reasonable doubt" (*id*.).

In view of our determination, there is no need to address defendant's remaining contentions raised in his main and pro se supplemental briefs.

All concur except SMITH, J.P., and TROUTMAN, J., who dissent and vote to affirm in the following memorandum:  We respectfully dissent.  We disagree with the conclusion of the majority that defendant was deprived of his right to counsel because his attorney permitted him to choose a member of the jury.  We conclude that the record establishes that defense counsel acceded to defendant's request to permit the juror at issue to be seated on the trial jury, and we would therefore affirm the judgment.

We agree with the majority that "[t]he selection of particular jurors falls within the category of tactical decisions entrusted to counsel, and defendants do not retain a personal veto power over counsel's exercise of professional judgments" (*People v Colon*, 90 NY2d 824, 826; *see People v Morgan*, 77 AD3d 1419, 1420, *lv denied* 15 NY3d 922).  Indeed, the Court of Appeals has unequivocally rejected the contention that "a defendant's right to be present at voir dire includ[es] the right to veto his counsel's choices in selecting a jury" (*People v Sprowal*, 84 NY2d 113, 119).  Thus, we agree with the majority that a defendant does not have the right to veto his attorney's choice to exclude a particular prospective juror.

Here, however, the record does not establish that County Court permitted defendant to override defense counsel's choice.  While the attorneys were exercising their peremptory challenges, defense counsel stated, "For the record, my client is insisting over my objection to keep juror number 21.  So, juror[] . . . 21 will be on the jury."  Defendant did not speak, despite being present at the bench at that

time, nor did the court ask any further questions of defendant or defense counsel.

Based on the fact that defense counsel made the determination not to challenge the juror, we would reject defendant's contention that defense counsel abdicated his duty to select the jurors. To the contrary, we conclude that "the record is equally consistent with the inference that, after discussing the issue at length, defense counsel . . . acceded to defendant's position" (*People v Gottsche*, 118 AD3d 1303, 1304-1305, *lv denied* 24 NY3d 1084; *cf. generally People v Colville*, 20 NY3d 20, 32), and that, "after consulting with and weighing the accused's views along with other relevant considerations, [defense counsel] decide[d] to" accept the prospective juror at issue (*Colville*, 20 NY3d at 32; *see People v Hartle*, 122 AD3d 1290, 1292, *lv denied* 25 NY3d 1164). There is no indication that defendant threatened or coerced defense counsel to acquiesce to defendant's wishes, nor any other evidence that defense counsel did not exercise his choice voluntarily. The fact that defense counsel took defendant's views into account in making the determination does not invalidate defense counsel's choice. To the contrary, the Court of Appeals has noted that "defendant's presence at sidebar interviews of prospective jurors for bias or hostility during jury selection is generally required because of the potential input the defendant can give defense counsel in making discretionary choices during jury selection, based on impressions gained from seeing and hearing the juror's responses on voir dire" (*People v Roman*, 88 NY2d 18, 26, *rearg denied* 88 NY2d 920), and it is well settled that defense counsel must have a reasonable time in which to consult with defendant before exercising peremptory challenges (*see e.g. People v Velasco*, 77 NY2d 469, 473; *People v Pierce*, 303 AD2d 314, 315, *lv denied* 100 NY2d 565; *People v Cameron*, 244 AD2d 350, 351, *lv denied* 91 NY2d 940). Here, defense counsel merely took the input gained from that consultation into account in determining whether to exclude the prospective juror at issue. In the final analysis, however, the record clearly establishes that defense counsel decided to permit the juror to remain on the jury. Therefore, it cannot be said that defendant was "denied . . . the expert judgment of counsel to which the Sixth Amendment entitles him" (*Colville*, 20 NY3d at 32).

Contrary to defendant's further contention, we conclude that the evidence, the law, and the circumstances of this case, viewed in totality and as of the time of the representation, establish that defendant received meaningful representation (*see People v Baldi*, 54 NY2d 137, 147).

Entered:   September 30, 2016                    Frances E. Cafarell
                                                  Clerk of the Court