*1280 Appeal from a judgment of the Monroe County Court (Frank P. Geraci, Jr., J.), rendered December 5, 2012. The judgment convicted defendant, upon a jury verdict, of murder in the second degree.
It is hereby ordered that the judgment so appealed from is reversed on the law and a new trial is granted.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of murder in the second degree (Penal Law § 125.25 [1]). We previously affirmed a judgment convicting defendant of that crime (People v McKenzie, 81 AD3d 1375 [2011], revd 19 NY3d 463 [2012]). In reversing our order, the Court of Appeals concluded that defendant was entitled to a jury instruction on the affirmative defense of extreme emotional disturbance, and ordered a new trial (McKenzie, 19 NY3d at 469). In this appeal after that retrial, defendant contends, inter alia, that he was deprived of his right to counsel because defense counsel permitted him to choose a member of the jury. We agree, and we therefore reverse the judgment and grant defendant a new trial.
“It is well established that a defendant, having accepted the assistance of counsel, retains authority only over certain fundamental decisions regarding the case such as whether to plead guilty, waive a jury trial, testify in his or her own behalf or take an appeal” (People v Colon, 90 NY2d 824, 825-826 [1997] [internal quotation marks omitted]). “The selection of particular jurors falls within the category of tactical decisions entrusted to counsel, and defendants do not retain a personal veto power over counsel’s exercise of professional judgments” {id. at 826; see People v Morgan, 77 AD3d 1419, 1420 [2010], lv denied 15 NY3d 922 [2010]).
Here, during the part of the jury selection process when the attorneys were exercising peremptory challenges, defense counsel stated “[f]or the record, my client is insisting over my objection to keep juror number 21. So, jurors 20 and 21 will be on the jury.” We agree with defendant that, contrary to the People’s contention, defense counsel “never ‘acceded’ or ‘acquies[ed]’ to defendant’s decision” (People v Colville, 20 NY3d 20, 32 [2012]). Furthermore, contrary to the circumstances in People v Hartle (122 AD3d 1290, 1292 [2014], lv denied 25 NY3d 1164 [2015]), defense counsel’s statement constitutes a clear indication that his position differed from defendant’s position. We respectfully disagree with the dissent’s specula *1281 tive view that “defense counsel merely took the input gained from [the] consultation [with defendant] into account in determining whether to exclude the prospective juror at issue.” Although defense counsel stated that juror number 21 would be on the jury, the record establishes that County Court, in seating juror number 21 on the jury, was “guided solely by defendant’s choice in the matter,” and that was “error because the decision was for the attorney, not the accused, to make” (Colville, 20 NY3d at 32). Consequently, the court denied defendant the “expert judgment of counsel to which the Sixth Amendment entitles him,” and “we cannot say that the error here was harmless beyond a reasonable doubt” (id).
In view of our determination, there is no need to address defendant’s remaining contentions raised in his main and pro se supplemental briefs.
All concur except Smith, J.P., and Troutman, J., who dissent and vote to affirm in the following memorandum.