People v Fletcher (2021 NY Slip Op 01902)





People v Fletcher


2021 NY Slip Op 01902


Decided on March 26, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 26, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., CARNI, NEMOYER, TROUTMAN, AND WINSLOW, JJ.


260 KA 17-00936

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ANDREW D. FLETCHER, DEFENDANT-APPELLANT. 






MARK D. FUNK, CONFLICT DEFENDER, ROCHESTER (KATHLEEN P. REARDON OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (SCOTT MYLES OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Monroe County Court (Melchor E. Castro, A.J.), rendered January 27, 2017. The judgment convicted defendant upon a jury verdict of assault in the first degree (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of two counts of assault in the first degree (Penal Law § 120.10 [1], [2]). The charges arose from an incident in which defendant slashed the face of the mother of his child with a box cutter; the incident took place in the victim's home and in the presence of their 18-month-old child and the victim's niece. Defendant's contention that the evidence is legally insufficient to establish his identity as the perpetrator "is not preserved for our review inasmuch as he failed to move for a trial order of dismissal on that ground" (People v Whiting, 170 AD3d 1654, 1655 [4th Dept 2019], lv denied 33 NY3d 1036 [2019], reconsideration denied 33 NY3d 1075 [2019]; see People v Gray, 86 NY2d 10, 19 [1995]). Defendant made only a general motion for a trial order of dismissal, which he renewed (see People v Hines, 97 NY2d 56, 62 [2001], rearg denied 97 NY2d 678 [2001]), and his motion was not specifically directed at the alleged error asserted on appeal (see generally People v DaCosta, 6 NY3d 181, 184 [2006]).
In any event, defendant's contention lacks merit. Viewing the evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), we conclude that the evidence is legally sufficient to support the conviction (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). The victim and her niece identified defendant as the perpetrator of the assault, and three other witnesses testified that they saw defendant with the victim inside the victim's home immediately before she was injured. Thus, a rational person could conclude from the testimony of the witnesses that defendant was the perpetrator (see People v Gordon, 23 NY3d 643, 649 [2014]). Further, viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally Bleakley, 69 NY2d at 495). Where, as here, witness credibility is "of paramount importance to the determination of guilt or innocence, [we] must give '[g]reat deference . . . [to the] fact-finder's opportunity to view the witnesses, hear the testimony and observe demeanor' " (People v Harris, 15 AD3d 966, 967 [4th Dept 2005], lv denied 4 NY3d 831 [2005], quoting Bleakley, 69 NY2d at 495), and we perceive no reason to disturb the jury's credibility determinations (see id.).
Defendant's contention that County Court erred in admitting into evidence medical records of the victim that contained a hearsay statement identifying defendant as the suspect is not preserved for our review (see CPL 470.05 [2]; People v Emanuel, 89 AD3d 1481, 1482 [4th Dept 2011], lv denied 18 NY3d 882 [2012]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
We reject defendant's contention that he was denied effective assistance of counsel based on his attorney's failure to secure the presence at trial of a witness who would have corroborated his claim that he was in Alabama on the date of the assault. Contrary to defendant's contention, the witness indicated in a letter to the court that she did not remember the events of that date and, therefore, she could not have corroborated defendant's testimony that he was in Alabama on that date (see generally People v Morgan, 77 AD3d 1419, 1420 [4th Dept 2010], lv denied 15 NY3d 922 [2010]).
Finally, the sentence is not unduly harsh or severe.
Entered: March 26, 2021
Mark W. Bennett
Clerk of the Court