People v McKenzie (2022 NY Slip Op 04252)

People v Mckenzie

2022 NY Slip Op 04252

Decided on July 1, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 1, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, PERADOTTO, CURRAN, AND BANNISTER, JJ.

432 KA 18-01850

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DONYELL J. MCKENZIE, DEFENDANT-APPELLANT. 

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (WILLIAM CLAUSS OF COUNSEL), FOR DEFENDANT-APPELLANT.
DONYELL J. MCKENZIE, DEFENDANT-APPELLANT PRO SE.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LISA GRAY OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Monroe County Court (Sam L. Valleriani, J.), rendered August 24, 2017. The judgment convicted defendant upon a nonjury verdict of murder in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him after a nonjury trial of murder in the second degree (Penal Law
§ 125.25 [1]). In the first of defendant's two prior appeals arising from this incident, we affirmed a judgment convicting him upon a jury verdict of that crime (People v McKenzie, 81 AD3d 1375, 1375 [4th Dept 2011], revd 19 NY3d 463 [2012]). In reversing this Court's order, the Court of Appeals ordered a new trial based on its conclusion that defendant was entitled to a jury instruction on the affirmative defense of extreme emotional disturbance (EED) (McKenzie, 19 NY3d at 469). In defendant's second prior appeal, from his conviction of the same crime after the retrial, this Court concluded that defendant had been deprived of his right to counsel because defense counsel permitted defendant to decide whether to exercise a peremptory challenge against a prospective juror, and we therefore reversed the judgment and granted defendant another new trial (People v McKenzie, 142 AD3d 1279, 1280 [4th Dept 2016]). That retrial resulted in the conviction from which defendant now appeals.
To the extent that defendant contends in his main and pro se supplemental briefs that the evidence is legally insufficient to support the conviction because the People did not disprove the defense of justification beyond a reasonable doubt and because he established the EED affirmative defense by a preponderance of the evidence, those contentions are unpreserved for our review inasmuch as defendant failed to move for a trial order of dismissal on those grounds (see People v Fafone, 129 AD3d 1667, 1668 [4th Dept 2015], lv denied 26 NY3d 1039 [2015]; People v Ashline, 124 AD3d 1258, 1260 [4th Dept 2015], lv denied 27 NY3d 1128 [2016]; see generally People v Hawkins, 11 NY3d 484, 492 [2008]). In any event, viewing the evidence in the light most favorable to the People (see People v Gordon, 23 NY3d 643, 649 [2014]), we conclude that those contentions lack merit (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). In addition, viewing the evidence in light of the elements of the crime, the defense of justification and the EED affirmative defense in this nonjury trial (see People v Danielson, 9 NY3d 342, 349 [2007]), we reject defendant's contentions in his main and pro se supplemental briefs that the verdict is against the weight of the evidence (see generally Bleakley, 69 NY2d at 495).
Defendant further contends in his main brief that, because he was not present during an exchange of emails between his attorney, the prosecutor and County Court, he was deprived of [*2]the right to be present at all material stages of the trial. We reject that contention. The exchange of emails at issue, which occurred during a break in the charge conference at which defendant was present, "concerned questions of law . . . , and thus there was no 'potential for meaningful input by' defendant during those proceedings" (People v Russo, 4 AD3d 777, 778 [4th Dept 2004], lv denied 2 NY3d 806 [2004], quoting People v Roman, 88 NY2d 18, 27 [1996], rearg denied 88 NY2d 920 [1996]; see generally People v Fabricio, 3 NY3d 402, 406 [2004]).
Contrary to defendant's additional contention in his main brief, the sentence is not unduly harsh or severe.
Defendant's contention in his pro se supplemental brief concerning the People's purported failure to present certain evidence to the grand jury involves matters that are outside the record on appeal and thus must be raised, if at all, by way of a CPL article 440 motion (see People v Highsmith, 124 AD3d 1363, 1365 [4th Dept 2015], lv denied 25 NY3d 1202 [2015]). We have considered defendant's further contention in his pro se supplemental brief that he was deprived of effective assistance of counsel by several purported failures on the part of defense counsel and, after viewing the evidence, the law, and the circumstances of this case in totality and as of the time of the representation, we conclude that defendant received meaningful representation (see generally People v Baldi, 54 NY2d 137, 147 [1981]).
Entered: July 1, 2022
Ann Dillon Flynn
Clerk of the Court